U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 15 2012
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRYAN KERR DICKSON, | § | |
| Movant, | § | |
| VS. | § | NO. 4:12-CV-596-A |
| | § | (NO. 4:09-CR-040-A) |
| UNITED STATES OF AMERICA | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of Bryan Kerr Dickson ("movant") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, and also his related motion for a change of venue. Having reviewed the motion, the record, and applicable legal authorities, the court concludes that the motion pursuant to Section 2255 should be dismissed as time-barred,[1] and the motion for a change of venue should also be denied.

I.

Background

Following his arrest on March 11, 2009, movant was charged in a superseding indictment with one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2), and one count of production of child pornography in violation of

---

[1] The court notes that, in addition to being time-barred, the motion also consists entirely of conclusory statements that lack merit. Further, movant has previously filed a motion pursuant to 28 U.S.C. § 2255, which the court considered and dismissed. Dickson v. United States, No. 4:11-CV-567-A. However, because the motion is time-barred and must be dismissed accordingly, the court need not further address additional grounds for denying movant's Section 2255 motion.

18 U.S.C. § 2251(a) and (e). Movant pleaded not guilty, and waived his right to a jury trial. Movant was convicted of both counts following a bench trial held June 8, 2009. On October 23, 2009, the court sentenced movant to 240 months as to count one, and 600 months as to count two, to run consecutively to each other for a total term of imprisonment of 840 months, followed by a lifetime term of supervised release. The United States Court of Appeals for the Fifth Circuit affirmed movant's conviction and sentence. United States v. Dickson, 632 F.3d 186 (5th Cir. 2011), and the United States Supreme Court denied certiorari on May 31, 2011. Dickson v. United States, 131 S. Ct. 2947 (2011).

Movant filed a motion pursuant to 28 U.S.C. § 2255 on August 15, 2011, which was considered and denied by the court on November 3, 2011. Dickson v. United States, No. 4:11-CV-567-A. Movant filed the instant motion with the court on August 27, 2012.

II.

Analysis

A. Motion Pursuant to 28 U.S.C. § 2255

The court now considers the standard for determining the timeliness of § 2255 motions, and applies that standard to Wallace's motion. A one-year period of limitations applies to motions under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. 28 U.S.C. § 2255(f). Section 2255(f) provides that:

> The [one-year] limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction

2

>   becomes final;
>
>   (2) the date on which the impediment to making a
>   motion created by governmental action in violation
>   of the Constitution or laws of the United States is
>   removed, if the movant was prevented from making a
>   motion by such governmental action;
>
>   (3) the date on which the right asserted was
>   initially recognized by the Supreme Court, if that
>   right has been newly recognized by the Supreme Court
>   and made retroactively applicable to cases on
>   collateral review; or
>
>   (4) the date on which the facts supporting the claim
>   or claims presented could have been discovered
>   through the exercise of due diligence.

28 U.S.C. § 2255(f).

If the limitations period is determined by the date on which the judgment of conviction became final, then movant's § 2255 motion is clearly time-barred. "[T]he conviction becomes final, and the one-year period begins to run, upon expiration of the time for seeking certiorari in the U.S. Supreme Court, even where, as here, the appellant has not actually filed such a petition." United States v. Gamble, 208 F.3d 536, 536 (5th Cir. 2000). In this case, movant's conviction became final when the Supreme Court denied certiorari on May 31, 2011. Therefore, the instant § 2255 motion, filed on August 27, 2012, was filed well beyond the expiration of the one-year limitations period. Accordingly, because the motion was not filed until over a year after the termination of the one-year limitations period, it is time-barred.

 B. <u>Motion for Change of Venue</u>

Movant asks for a change of venue claiming that because the

undersigned presided over movant's arraignment, trial, and sentencing, movant would not be able to receive fair treatment. A motion pursuant to 28 U.S.C. 2255 must be filed in the court which imposed movant's sentence. Movant alleges nothing further, and clearly is not entitled to a change of venue. Accordingly, this motion will be denied.

III.

Order

Therefore,

The court ORDERS that Dickson's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied and dismissed as time-barred.

The court further ORDERS that Dickson's motion for a change of venue be, and hereby is, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED September 15, 2012.

_____
JOHN McBRYDE
United States District Judge

4